IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER PETERS<br>1939 Dickson Street<br>Philadelphia, PA 19148<br><br>                 Plaintiff,<br><br>v.<br><br>HENRY H. OTTENS MFG. CO., INC.,<br>d/b/a OTTENS FLAVORS<br>7800 Holstein Avenue<br>Philadelphia, PA 19153<br>      and<br>CHUCK JONES<br>7800 Holstein Avenue<br>Philadelphia, PA 19153<br>      and<br>ROBIN NEJAD<br>7800 Holstein Avenue<br>Philadelphia, PA 19153<br><br>                 Defendants. | CIVIL ACTION<br><br>No.:<br><br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, Christopher Peters (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

### I. Introduction

1.     Plaintiff has initiated this action to redress violations by Defendants of 42 U.S.C. § 1981. Plaintiff asserts that Defendants unlawfully subjected him to a hostile work environment and terminated his employment in violation of the aforesaid law(s) because of his race and/or complaints of racial discrimination within Defendants' workplace.

## II. Jurisdiction and Venue

2. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. State of Washington, 326 U.S. 310 (1945) and its progeny.

3. This action is initiated pursuant to a federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under laws of the United States.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## III. Parties

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult who resides at the above-captioned address.

7. Defendant Ottens Flavors (hereinafter "Defendant Ottens" if referred to individually) is a for-profit entity headquartered in Philadelphia, Pennsylvania, and it develops and manufactures flavors and food additives for beverage, meat, dairy, bakery-product, and confectionary producers.

8. Defendant Chuck Jones (hereinafter "Defendant Jones" if referred to individually) worked as Defendant's Manufacturing Operations Manager overseeing employees at Plaintiff's

work site, and he personally exercised control over the terms and conditions of Plaintiff's employment, personally participated meeting concerning complaints of discrimination made by Plaintiff, and personally terminated Plaintiff.

9. Defendant Robin Nejad (hereinafter "Defendant Nejad") worked as Defendants' Director of Human Resources overseeing employees at Plaintiff's work site, and this individual participated in investigations, oversight, and terminations of employees including but not limited to Plaintiff.

10. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the benefit of Defendants.

### IV. Factual Background

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Plaintiff worked for Defendant Ottens for more than 5 years.

13. Plaintiff was employed with Defendant Ottens as a compounder.

14. Plaintiff performed his job very well and received multiple written commendations for his dedication and performance.

15. During the course of Plaintiff's employment with Defendant Ottens, he was subjected to racial jokes, racist language, and derogatory treatment because of his race - actions and comments that were made on an ongoing basis throughout Plaintiff's period of employment.

16. Defendant Jones, the former plant manager of Defendant Ottens, specifically made racial jokes and offensive comments in Plaintiff's presence.

17. Defendants Jones and Nejad also permitted and condoned a racially abusive workplace wherein coworkers of Plaintiff were not disciplined for blatant racial mistreatment of black employees through acts of vandalism, racial comments, and other discriminatory gestures.

18. Defendant Ottens also allowed black employees to be treated disparately with respect to hiring, promotions, hours being distributed, shift placement, and other terms and conditions of employment - practices that negatively impacted Plaintiff directly as well.

19. Separate and apart from past concerns expressed by Plaintiff to Defendants' management, Plaintiff complained of racial discrimination to Defendants' management in early September 2011 due to very abusive behavior by his coworker(s).

20. Defendant Ottens engages in pervasive retaliation against employees who complain about racial discrimination, and Defendant Ottens has for example terminated Richard Davis, Mark Christberg, Charles Frazier, and Marcus Jones within the last several years.

21. Davis, Christberg, Frazier, and Jones are 4 black former employees of Defendant Ottens who were promptly terminated after complaining of racial discrimination to Defendants about the same types of concerns Plaintiff expressed.

22. On or about September 15, 2011, Plaintiff fell at work and suffered a work-related injury, including various injuries to his back.

23. As a result of the injuries to his back, Plaintiff filed a claim for worker's compensation and obtained medical treatment from Defendant Ottens' panel physician(s).

24. Following his September 15, 2011 injury, Plaintiff had some medical restrictions and continued to work for Defendant Ottens in a light-duty capacity.

25. Plaintiff was terminated from Defendant Ottens on or about October 7, 2011 for lateness.

26. Plaintiff believes and therefore avers that the primary reason for his termination from Defendant Ottens was his complaint(s) of racial discrimination in the workplace.

### First Cause of Action
### Violations of 42 U.S.C. § 1981
### (Discriminatory Termination & Retaliation)
### - Against Defendant Nejad & Defendant Ottens -

27. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

28. Plaintiff complained about racial discrimination to management of Defendant Ottens, and he was specifically terminated due to his complaints.

29. Plaintiff was also terminated for issues that did not result in the termination of non-black employees, thus making his race a determinative factor in his termination as well.

30. Defendant Nejad specifically oversaw and assisted with the discriminatory and retaliatory orchestration of Plaintiff's termination from Defendant Ottens.

31. These actions as aforesaid constitute a violation of 42 U.S.C. § 1981.

### Second Cause of Action
### Violations of 42 U.S.C. § 1981
### (Hostile Work Environment)
### - Against All Defendants -

32. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

33. Plaintiff was subjected to pervasive and/or severe racial hostility that was not remedied despite Defendants' management being aware of racial discrimination with the workplace.

34. These actions as aforesaid constitute a violation of 42 U.S.C. § 1981.

### Third Cause of Action
### Common-Law Wrongful Termination
### - Against Defendant Ottens Only -

35. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

36. Upon information and belief, a motivating factor in Plaintiff's termination was his filing of a claim for worker's compensation benefits against Defendant Ottens.

37. It is against this Commonwealth's public policy for an employee to be terminated for making a worker's compensation claim.

38. The mere temporal proximity between Plaintiff's claim for worker's compensation and his termination creates an inference that his termination was in retaliation for making such a claim (in addition to other mistreatment and pretext as to his termination).

39. These actions as aforesaid constitute wrongful termination in Pennsylvania. *See Shick v. Shirey*, 552 Pa. 590, 716 A.2d 1231 (1997).

**WHEREFORE**, Plaintiff prays that this Court enter an order providing that:

A. Defendants are to be prohibited from continuing to maintain their illegal policy, practice, or custom of discriminating against employees based on their race and are to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, bonuses and medical and other benefits. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered discrimination/retaliation at the hands of Defendants until the date of verdict;

C. Plaintiff is to be awarded punitive damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct, and to deter Defendants from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress);

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

G. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

KARPF & KARPF, P.C.

By: _____

Ari R. Karpf, Esquire
3070 Bristol Pike
Building 2, Suite 231
Bensalem, PA 19020
(215) 639-0801

Dated: January 5, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Christopher Peters : CIVIL ACTION
v.
Henry H. Ottens MFG. Co., Inc., d/b/a Ottens Flavors, et al. NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management -- Cases that do not fall into any one of the other tracks.   (X)

| 1/6/2012 | Ari R. Karpf | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: **1939 Dickson Street, Philadelphia PA 19149**

Address of Defendant: **7000 Holstein Avenue, Philadelphia PA 19153**

Place of Accident, Incident or Transaction: **Defendants Place of business**

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐   No☒

Does this case involve multidistrict litigation possibilities?     Yes☐   No☒

*RELATED CASE, IF ANY:*
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, **Ari R. Karpf**, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: **1/6/2012**   _____ Attorney-at-Law   **ARK2484**   Attorney I.D.# **91538**

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **1/6/2012**   _____ Attorney-at-Law   **ARK2484**   Attorney I.D.# **91538**

CIV. 609 (6/08)

%JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
PETERS, CHRISTOPHER

(b) County of Residence of First Listed Plaintiff: Philadelphia

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)
Karpf, Karpf & Cerutti, P.C., 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020
(215) 639-0801, akarpf@karpf-law.com

## DEFENDANTS
HENRY H. OTTENS MFG. CO., INC., d/b/a OTTENS FLAVORS, et al.

County of Residence of First Listed Defendant: Philadelphia

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / PERSONAL PROPERTY / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health / ☐ 690 Other | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | IMMIGRATION | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other / ☐ 550 Civil Rights / ☐ 555 Prison Condition | ☐ 462 Naturalization Application / ☐ 463 Habeas Corpus - Alien Detainee / ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42USC1981

Brief description of cause:
Violations of 42USC1981.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE
DOCKET NUMBER

Explanation:

DATE: 1/6/12

SIGNATURE OF ATTORNEY OF RECORD

[ Print ] [ Save As... ] [ Export as PDF ] [ Retrieve PDF File ] [ Reset ]